■   In the Matter of the Claim of JOHN SIRICO, Respondent, against MASTRO TRANSIT MIX CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. The two corporate entities Mastro Transit Mix Corp. and Mastro Construction Corp. are controlled by the same owners. The claimant had formerly been employed by Construction, but at the time here involved was employed by Transit Mix. He was, however, sometimes directed by his employer Transit Mix to perform services for Construction. On October 20, 1955 while he was on a Construction truck at the direction of Transit Mix, the truck was struck by a train and he was injured. A third-party action was instituted against Construction in which there has been a mistrial. During this period compensation was paid by the carrier in the claim against Transit Mix as employer for about nine months without dispute. The carrier which covers both corporations for workmen's compensation benefits and Construction for tort liability then contended before the referee that there was dual employment with Construction as well as with Transit Mix. On this contention evidence was taken, and the referee held in an opinion on a record which seems to us to be supported by substantial evidence that " there was no joint employment " and that claimant " was employed by " Transit Mix. The board on review on June 4, 1957 affirmed the referee's decision, but also found that Transit Mix was the " general employer " and Construction was the " special employer " and their " liability is joint and several " and that the referee has " properly made the award in this case solely against the general employer ". We find it unnecessary to decide the effect or consistency of this finding upon the decision, because on July 16, 1957 the board, within its frame of power, reconsidered the matter and affirmed the decision of the referee. This is reflected in the board's formal findings and decision in that claimant was employed by Transit Mix and there " was no dual employment ". This decision is supported by evidence. Decision affirmed, with costs to the Workmen's Compensation Board. Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur.